THOMAS J. SPEISS, III (SBN 200949)
  TSpeiss@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone: (424) 214-7042
Facsimile: (424) 214-7010

Attorneys for Plaintiff
MUAF L.L.C.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MUAF L.L.C., a Nevada Limited Liability Company,<br><br>             Plaintiff,<br><br>       vs.<br><br>GROW.CO HOLDINGS LLC, a New York Limited Liability Company,<br><br>             Defendant. | **CASE NO.: 8:15-cv-1563**<br><br>**COMPLAINT FOR:**<br><br>1.  **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114;**<br><br>2.  **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a); and,**<br><br>3.  **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200.**<br><br><u>JURY TRIAL DEMANDED</u> |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

Plaintiff MUAF L.L.C. ("MUAF"), by and through its attorneys, hereby alleges as follows:

## STATEMENT OF THE CASE

1.    MUAF markets and conducts MOBILE GROWTH®-branded classes and seminars in the field of mobile telecommunications.  It maintains ownership of MOBILE GROWTH®, United States Federal Trademark Registration No. 4,778,734.

2.    Defendant Grow.co Holdings LLC ("Grow.co") is a company that maintains a community of marketing professionals and brands.  Grow.co, without first obtaining written consent or a license from MUAF, has begun to market and sponsor directly competing and nearly identically-named "Mobile Growth" meet-up events.

3.    In filing this action, MUAF seeks to enforce its rights in and to the MOBILE GROWTH® trademark against Grow.co.

## PARTIES

4.    Plaintiff MUAF L.L.C. is, and at all times pertinent to this action has been, a limited liability company duly organized and existing under the laws of the State of Nevada, with its principal place of business at 9610 Eventer Lane, Reno, Nevada 89521.

5.    Upon information and belief, Defendant Grow.co Holdings LLC is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business at 257 Park Avenue South, 5th Floor, New York, New York 10010.

## JURISDICTION AND VENUE

6.    This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. §§ 1114 and 1125(a)).  This Court has Federal question jurisdiction over Counts I and II pursuant to 28 U.S.C. §§ 1331 and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

1338(a)-(b).  This Court has supplemental jurisdiction over Counts III and IV pursuant to 28 U.S.C. § 1367.

7.    This Court has personal jurisdiction over MUAF because it conducts business in this judicial district, including but not limited to organizing and maintaining regional MUAF chapters in Los Angeles County and Orange County.

8.    This Court has personal jurisdiction over Grow.co because it conducts business in this judicial district, including but not limited to sponsoring and/or conducting a "Mobile Growth" event that is to take place on September 30, 2015 in Santa Monica, California, and it has done and continues to do substantial business and has committed acts of trademark infringement, and other acts complained of herein, in this judicial district.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b).  The acts and transactions complained of herein were conceived, carried out, and had an effect within the State of California and within this judicial district.

## NATURE OF THE ACTION

10.    In this action, MUAF seeks injunctive relief, its lost profits and damages, Grow.co's profits, punitive damages, and attorneys' fees and costs, for Grow.co's acts of trademark infringement under 15 U.S.C. §§ 1114 *et seq.*, and unfair competition under California Business & Professions Code §§ 17200 *et seq.*

## FACTUAL ALLEGATIONS

11.    On July 16, 2013, MUAF created the "Mobile UA Fellowship" professional LinkedIn Group.  As per the LinkedIn page,

> "The Fellowship is a not-for-profit, mobile UA think tank at the forefront of the industry. Designed to educate on best practices, discuss issues and trends, and predict directional changes in the field, The Fellowship brings together a network of leading professionals at regular events. Membership and events are free. As a note: bylaws prohibit vendors from attending unless they are the event Sponsor."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-
**COMPLAINT**

DOCSSM/3019142v1/103127-0003

1  *See* https://www.linkedin.com/groups?gid=5106441.  Since its inception, the

2  LinkedIn group has grown to 597 members.

3      12.     On June 24, 2014, MUAF filed United States Trademark Application

4  No. 86/318,912 for MOBILE GROWTH, for use in conjunction with "Educational

5  services, namely, conducting classes, seminars, conferences, and workshops in the

6  field of mobile telecommunications and distribution of training materials in

7  connection therewith."

8      13.     On or about October 30, 2014, Grow.co created a Facebook page

9  based on "MOBILE GROWTH" and began to sponsor "'MOBILE GROWTH'

10  Meetup" events.  *See* https://www.facebook.com/groups/growth.mobile

11      14.     On December 23, 2014, Dave Westin of MUAF wrote to Jay

12  Weintraub of Grow.co, stating, "We have about 400 person LinkedIn and 4000

13  person email list."

14      15.     On January 8, 2015 and January 9, 2015, Mr. Weintraub responded,

15  stating, *inter alia*, "Your contacts and database are great, and they can clearly be

16  beneficial to us.  I would really love to see a more strategic conversation between

17  us if possible that outlines protection for us both." . . .   "As to the bigger picture,

18  the question might be what are the expectations of MGF, i.e., the blend between

19  upfront cash and ongoing revenue.  From my experience the cleanest structure will

20  be an acquisition by one party of the other."

21      16.     On February 5-6, 2015, which is almost two years after it first created

22  its Mobile UA Fellowship business community, MUAF held its inaugural

23  MOBILE GROWTH® conference in San Francisco, California.  This event was

24  widely attended and attracted significant sponsors.  *See*

25  http://mobilegrowthfellowship.com/events/mobile-growth-summit-2015/.

26      17.     On July 21, 2015, the United States Patent and Trademark Office

27  issued a United Stated Federal trademark registration for MOBILE GROWTH®,

28  United States Federal Trademark Reg. No. 4,778,734, in International

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

Classification 41 for "Educational services, namely, conducting classes, seminars, conferences, and workshops in the field of mobile telecommunications and distribution of training materials in connection therewith" (the "Mark").

18.     MUAF has continuously and constructively used the Mark in United States commerce since at least as early as June 24, 2014, which is more than one year ago.  *See* depiction of Mark in use in United States commerce immediately below.



19.     Upon information and belief, on or about September 21, 2015, MUAF's investigator corresponded with Adam Lovallo of Grow.co.  Mr. Lovallo stated, ". . . *You can find all of the info here:  http://www.meetup.com/Mobile-Growth-Hackers-Los-Angeles/events/224900191/.  1 key thing to note is that it is free!*  MUAF's investigator then replied to this email, in which he/she asked in part: 'Have you guys been sponsors of these ["Mobile Growth" meetings] since they started last year?'"  The investigator then received a reply from Mr. Lovallo, which stated in full: '*hey! yes indeed!*'"

20.     On September 29, 2015, Mr. Weintraub responded to MUAF's request that MUAF and Grow.co work together to reach an amicable business solution of this matter by stating, *inter alia*, that MUAF was infringing Grow.co's intellectual property and that his company was "inclined and capitalized" to take action against MUAF.

**COMPLAINT**

21.     MUAF has invested and continues to invest substantial time, money, and effort in promoting and advertising its MOBILE GROWTH® educational services.  As a result, MUAF continues to enjoy significant goodwill associated with its mark by customers — who have come to associate MUAF as the source of MOBILE GROWTH® educational services.

22.     Upon information and belief, Grow.co understands that marketing and selling goods through the use of another's Federally registered trademark without first securing a license or permission is not acceptable and cannot be allowed.

23.     Grow.co's infringement of MUAF's Federally registered MOBILE GROWTH® trademark is clear-cut.  MUAF is concerned that Grow.co's past, current, and future use of the term "Mobile Growth" to market and conduct classes and seminars in the field of mobile telecommunications is likely to cause and will continue to cause confusion with and dilute the significant value of MUAF's Federally registered MOBILE GROWTH® trademark.

24.     Grow.co's unauthorized use and continued use in interstate commerce of "Mobile Growth" to market and conduct classes and seminars in the field of mobile telecommunications is identical in nature to MUAF's marketing and sale of the MOBILE GROWTH® Services.  This is because MUAF's MOBILE GROWTH® services and Grow.co's services (the "Infringing Services") are marketed and sold in the same distribution channels and for a similar price.

25.     Grow.co has caused and is likely to cause confusion, mistake or deception:  (a) as to the characteristics, qualities, or origin of MUAF's MOBILE GROWTH® Services; (b) as to an affiliation, connection or association between MUAF and Grow.co; and, (c) as to the sponsorship or approval of the Infringing Services by MUAF.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

26.     MUAF is committed to protecting its MOBILE GROWTH® trademark against the use of identical or confusingly similar marks, for itself and its business partners.

## FIRST CLAIM FOR RELIEF

*(Infringement of Federally Registered Trademark,*

*15 U.S.C. §§ 1114, et seq.* *(Lanham Act §32))*

27.     MUAF repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 26 hereof as if fully stated herein.

28.     MUAF is the owner and registrant of MOBILE GROWTH®, United States Trademark Registration No. 4,778,734.

29.     Grow.co is not authorized to use MOBILE GROWTH®, United States Trademark Registration No. 4,778,734.

30.     Both MUAF and Grow.co market and sponsor classes and seminars in the field of mobile telecommunications to the same or similar consumers.

31.     Without MUAF's consent or authorization, Grow.co has used and is using "Mobile Growth" in connection with events and conferences in the field of mobile telecommunications in interstate commerce, which imitates MOBILE GROWTH®, United States Trademark Registration No. 4,778,734.

32.     Grow.co used and continues to use a mark that is nearly-identical to MUAF's Federally registered MOBILE GROWTH® trademark with knowledge and intent to create confusion or mistake, or to deceive as to the source of Grow.co's Infringing Services.

33.     As a result of Grow.co's conduct, there is a strong likelihood of confusion, mistake, or deception.  Many individuals familiar with MUAF's MOBILE GROWTH® services are likely to purchase Grow.co's Infringing Services under the mistaken belief that such services are offered or authorized by MUAF.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-
**COMPLAINT**

DOCSSM/3019142v1/103127-0003

34.     Grow.co's actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and, unless enjoined, will continue to have the result of misleading, deceiving, and confusing the public to believe that Grow.co and/or its Infringing Services are affiliated with, sponsored, or controlled by MUAF.

35.     The foregoing actions of Grow.co constitute trademark infringement by inducing the erroneous belief that Grow.co and/or its Infringing Services are in some manner affiliated with, originate from, or are sponsored by MUAF, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     MUAF is informed and believes, and on that ground alleges, that Grow.co has made and/or will make unlawful gains and profits from its actions as alleged herein, and by reason thereof, MUAF has been deprived of gains and profits which otherwise would have inured to MUAF but for such unlawful actions.

37.     MUAF has no adequate remedy at law for the injuries alleged in this Count.  The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages.  Further, the injuries are of a continuing nature and will continue to be suffered so long as Grow.co maintains its wrongful conduct.

38.     Notwithstanding the difficulty of fully ascertaining the value of the damage to MUAF caused by Grow.co's wrongful conduct, Grow.co's conduct has resulted in irreparable, direct and proximate damages to MUAF.  Thus, MUAF is entitled to injunctive relief under Section 34(a) of the Lanham Act, 15 U.S.C. §1116(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

## SECOND CLAIM FOR RELIEF

*(False Designation of Origin and Unfair Competition,*

*15 U.S.C. § 1125(a), (Lanham Act §43(a))*

39.     MUAF repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 38 hereof as if fully stated herein.

40.     MUAF is the owner and registrant of MOBILE GROWTH®, United States Trademark Registration No. 4,778,734.

41.     Grow.co is not authorized to use MOBILE GROWTH®, United States Trademark Registration No. 4,778,734, or virtually identical and confusingly similar trademarks.

42.     Both MUAF and Grow.co market and sponsor classes and seminars in the field of mobile telecommunications to the same or similar consumers.

43.     Without MUAF's consent or authorization, Grow.co has used and is using MOBILE GROWTH® or a virtually identical and confusingly similar trademarks in connection with its  Infringing Services to the same or similar consumers, which imitates MUAF's Federally registered MOBILE GROWTH® trademark.

44.     Through its adoption and use of "Mobile Growth," which are virtually identical and confusingly similar to MUAF's Federally registered MOBILE GROWTH® trademark, Grow.co has intentionally and falsely designated the origin of its classes and seminars so as to profit from MUAF's well-earned and carefully crafted reputation by confusing the public as to the source, origin, sponsorship, or approval of Grow.co's Infringing Services.

45.     Grow.co's unauthorized use and continued use in interstate commerce of "Mobile Growth" to market and sell its classes and seminars has caused and is likely to continue to cause confusion, mistake, or deception: (a) as to the characteristics, qualities, or origin of MUAF's MOBILE GROWTH® classes and seminars and/or commercial activities; (b) as to an affiliation, connection, or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

association between MUAF and Grow.co; and, (c) as to the sponsorship or approval of the Grow.co's classes and seminars by MUAF.  Consumers are likely to purchase services from Grow.co under the mistaken belief that Grow.co's classes and seminars are affiliated, connected, or associated with MUAF itself.

46.     Grow.co's actions described herein were undertaken with the intention of deceiving and misleading the public at large and wrongfully trading on the goodwill and reputation of MUAF.

47.     Such actions, as used in commercial advertising, have misrepresented and, unless enjoined, will continue to misrepresent the nature, characteristics or qualities of Grow.co's classes and seminars and/or commercial activities, for which MUAF is without adequate remedy at law.

48.     Grow.co's activities complained of herein also have caused MUAF, *inter alia*, monetary loss and damage including, but not limited to, lost profits in an amount not yet determined.

49.     Further, the injury is of a continuing nature and will continue to be suffered so long as Grow.co continues its wrongful conduct.  Notwithstanding the inadequacy of, and the difficulty of, fully ascertaining the value of the damage to MUAF caused by Grow.co's wrongful conduct, MUAF is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct, and proximate damages to MUAF.

## THIRD CLAIM FOR RELIEF

*(Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq.)*

50.     MUAF repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 49 hereof as if fully stated herein.

51.     MUAF is informed and believes, and on that basis alleges, that Grow.co has intentionally misappropriated MUAF's MOBILE GROWTH® Federally registered trademark, with the intent of causing confusion, mistake, and deception as to the source of the Infringing Services with the intent to pass off the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-9-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

Infringing Services as those of MUAF, and as such, Grow.co has committed unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*

52.    The foregoing acts of Grow.co have caused and will continue to cause injury to MUAF by depriving it of sales of its genuine MOBILE GROWTH® services, injuring its business reputation, and by passing off Grow.co's services and/or commercial activities as MUAF's MOBILE GROWTH® services, all in violation of California Business and Professions Code §§ 17200 *et seq.*

53.    Grow.co's acts have caused and will continue to cause irreparable harm and damage to MUAF, and have caused and will continue to cause MUAF monetary damage in an amount not yet determined, including restitution and attorneys' fees and costs under California Business and Professions Code §§ 17200 *et seq.*

54.    Grow.co's infringement of MUAF's intellectual property described herein constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business and Professions Code § 17200.

55.    As a consequence of Grow.co's actions, MUAF is entitled to injunctive and monetary relief under California Business and Professions Code §§ 17200 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    A determination that Grow.co's conduct infringes MUAF's Federally registered MOBILE GROWTH® trademark, falsely designates the origin of Grow.co's Infringing Services, falsely describes such products, and unfairly competes with MUAF, in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 *et seq.* and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-
**COMPLAINT**

DOCSSM/3019142v1/103127-0003

B.      A determination that Grow.co's conduct infringes MUAF's Federally registered MOBILE GROWTH® trademark and unfairly competes with and misappropriates the property of MUAF under California Business and Professions Code §§ 17200 *et seq.* and the common law of the State of California.

C.      That Grow.co and its agents, officers, directors, servants, employees, attorneys, successors, assignees, and all others in active concert or participation with Grow.co be preliminarily and permanently enjoined from directly or indirectly:

   i.      Using MUAF's Federally registered MOBILE GROWTH® trademark, or any other trademarks which are virtually identical and confusingly similar to or colorable imitations of MUAF's Federally registered MOBILE GROWTH® trademark;

   ii.      Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description, or false representation of Grow.co's Infringing Services; and,

   iii.      Otherwise unfairly competing with MUAF or misappropriating MUAF's intellectual property, including, but not limited to MUAF's Federally registered MOBILE GROWTH® trademark.

D.      That the Court issue an Order directing Grow.co to file with the Court and serve on MUAF, within thirty days of service on Grow.co of the above-listed injunction, a report in writing and under oath, setting forth in detail the manner and form in which Grow.co has complied with the injunction.

E.      That the Court award judgment in favor of MUAF for the amount of either damages sustained by MUAF or the profits made by Grow.co as a result of Grow.co's wrongful conduct, whichever amount is greater, and damages in an amount necessary for MUAF to conduct corrective advertising to eliminate the confusion caused by Grow.co's wrongful acts.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

**COMPLAINT**

DOCSSM/3019142v1/103127-0003

F.     That the Court award judgment in favor of MUAF in the amount of treble damages under Section 35 of the Lanham Act, 15 U.S.C. §1117, plus prejudgment interest.

G.     That the Court award judgment against Grow.co for the full costs of this action, including reasonable attorneys' fees and costs.

H.     That the Court award to MUAF punitive damages sufficient to deter Grow.co from committing such willful acts of infringement in the future.

I.     That the Court award interest on all amounts found to be due to MUAF from Grow.co, at the prevailing rate, from the date said amounts or any part thereof became or become due.

J.     That the Court require Grow.co to notify its parent, subsidiaries, affiliates, commercial associates, dealers, dealer advertising associations, advertising agencies, suppliers, and customers of said Order.

K.     That the Court order such other, further, and different relief as the nature of this action may require and that the Court deems just and proper.

L.     That the Court retain jurisdiction of this action for the purpose of enabling MUAF to apply to the Court, at any time, for such further orders as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.


DATED:  September 29, 2015          STRADLING YOCCA CARLSON
                                    & RAUTH, P.C.



                                    By: _____
                                        Thomas J. Speiss, III
                                        Attorneys for Plaintiff
                                        MUAF L.L.C.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-
**COMPLAINT**

DOCSSM/3019142v1/103127-0003

1

## **JURY DEMAND**

2        Plaintiff, MUAF L.L.C., hereby demands a trial by jury pursuant to Rule 38

3    of the Federal Rules of Civil Procedure on each cause of action asserted in its

4    Complaint that is triable by jury.

5

6    DATED:  September 29, 2015          STRADLING YOCCA CARLSON
                                          & RAUTH, P.C.
7

8

9                                By:  _____
                                      Thomas J. Speiss, III
10                                     Attorneys for Plaintiff
                                       MUAF L.L.C.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-
**COMPLAINT**

DOCSSM/3019142v1/103127-0003